**ORIGINAL**

1  <u>PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY</u>

2  Name  HO _____ HUNG _____ Q _____

3  ___(Last)___  ___(First)___  ___(Initial)___

   Prisoner Number  ~/ D-7 3820

4  Institutional Address  P.O. Box 2210, Susanville, Ca. 96127

5

6  ==========================================================

7            UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA

8  HUNG Q. HO _____

   (Enter the full name of plaintiff in this action.)

9

10              vs.                      )  Case No. CC-464216
                                         )  (To be provided by the clerk of court)
   K. PROSPER, WARDEN,                   )
11 _____                 )  **PETITION FOR A WRIT**
12 _____                 )  **OF HABEAS CORPUS**
                                         )
13 _____                 )
                                         )  **E-filing**
14 (Enter the full name of respondent(s) or jailor in this action)  )
                                         )
15

16 ==========================================================

16            <u>Read Comments Carefully Before Filling In</u>

17 <u>When and Where to File</u>

18        You should file in the Northern District if you were convicted and sentenced in one of these

19 counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located.  If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined.  Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

    1. What sentence are you challenging in this petition?

        (a)    Name and location of court that imposed sentence (for example: Alameda County Superior Court, Oakland):

            <u>Santa Clara Superior</u>    <u>San Jose</u>

            Court                    Location

        (b)    Case number, if known <u>CC-464216</u>

        (c)    Date and terms of sentence <u>July 22,05 ; 35 years to life</u>

        (d)    Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)    Yes <u>XX</u>   No _____

            Where?

            Name of Institution: <u>California Correctional Center</u>

            Address: <u>P.O. BOX 2210,Susanville,CA.</u>

    2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

<u>P.C. 459/460;P.C. 667.(a);Two Prior Enhancements, P.C.1170.12</u>

_____

_____

3. Did you have any of the following?

    Arraignment:                               Yes XX      No ____

    Preliminary Hearing:                Yes XX      No ____

    Motion to Suppress:                Yes XX      No ____

4. How did you plead?

    Guilty ____     Not Guilty XX     Nolo Contendere ____

    Any other plea (specify) _____N/A_____

5. If you went to trial, what kind of trial did you have?

    Jury XX     Judge alone ____     Judge alone on a transcript ____

6. Did you testify at your trial?            Yes XX      No ____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment                 Yes XX      No ____

    (b)    Preliminary hearing         Yes XX      No ____

    (c)    Time of plea                Yes XX      No ____

    (d)    Trial                       Yes XX      No ____

    (e)    Sentencing               Yes XX      No ____

    (f)    Appeal                    Yes XX      No ____

    (g)    Other post-conviction proceeding   Yes XX      No ____

8. Did you appeal your conviction?        Yes ____      No ____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal            Yes XX      No ____

        Year: May 5,06    Result: Judgment Affirmed

        Supreme Court of California    Yes XX      No ____

        Year: July 12,06 Result: Denied

        Any other court           Yes XX      No ____

        Year: June ,07    Result: Judgment Affirmed

    (b)    If you appealed, were the grounds the same as those that you are raising in this

petition?                                    Yes _xx_     No_____

(c)    Was there an opinion?              Yes _____     No _xx_

(d)    Did you seek permission to file a late appeal under Rule 31(a)?

Yes _____     No _xx_

If you did, give the name of the court and the result:

_____ N/A _____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?          Yes _xx_     No_____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court: _California Supreme Court_

Type of Proceeding: _Writ of Habeas Corpus_

Grounds raised (Be brief but specific):

a. _DEPRIVED OF DUE PROCESS_

b. _JURY INSTRUVCTIONS CALJIC 2.02 INSTEAD OF 2.01_

c. _REDUCTION OF RESTITUUION:PLEA BARGAIN PRIORS_

d. _EXP POST FACTO ,CRUEL AND UNUSUAL PUNISHMENT_

Result: _Denied_____     Date of Result: _July 12,06_

II.    Name of Court: _N/A_

Type of Proceeding: _____

Grounds raised (Be brief but specific):

1     a._____

2     b._____

3     c._____

4     d._____

5     Result: _____Date of Result:_____

6   III.   Name of Court: ___N/A_____

7          Type of Proceeding: _____

8          Grounds raised (Be brief but specific):

9          a._____

10         b._____

11         c._____

12         d._____

13         Result: _____Date of Result:_____

14  IV.    Name of Court: ___N/A_____

15         Type of Proceeding: _____

16         Grounds raised (Be brief but specific):

17         a._____

18         b._____

19         c._____

20         d._____

21         Result: _____Date of Result:_____

22  (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                    Yes _____    No __xx__

24         Name and location of court: _____

25  B. GROUNDS FOR RELIEF

26         State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1    need more space. Answer the same questions for each claim.

2        [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3    petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5        Claim One: FAILURE TO GIVE CALJIC 2.01 CONSTITUTES FEDERAL

6    CONSTITUTIONAL ERROR

7        Supporting Facts:   SEE ATTACHED PAGE 5-6

8

9

10

11        Claim Two: DEPRIVED OF DUE PROCESS AND RIGHT TO THE ASSISTANCE

12    OF COUNSEL: COURT MAD AN EVIDENTIARY RLUING DENYING DEFENSE

13        Supporting Facts:   SEE ATTADCHED PAGES  7-12.

14

15

16

17        Claim Three: (IAC) Sixth & Fourteenth;TRIAL ATTORNEY FAILED TO

18    OBJECT TO THE $10,000. RESTITUTION,COURT INTENDED TO IMPOSE $7,00

19        Supporting Facts: SEE ATTACHED PAGES  13-15

20       Claim Four: Use of strikes of prior plea agrements

21          SEE ATTACHED PAGES 15

22       Claim Five: EX POST FACTO ST ATUTE,FREEMOM FORM CRUEL PUNISH-
      ment. SEEA ATTACHED PAGE 15

23        If any of these grounds was not previously presented to any other court, state briefly which

24    grounds were not presented and why:

25         N/A

26

27

28

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3    of these cases:

4      CASES ARE WITHIN THE ARGUMENTS PROVIDED

5    _____

6    _____

7    Do you have an attorney for this petition?           Yes_____    No_XX__

8    If you do, give the name and address of your attorney:

9    _____

10       WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on _8-8- 2007_____        _____

14                Date                             Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS      - 7 -

1

(GROUND ONE)

2

3        THIS COURT SHOULD GRANT REVIEW IN ORDER TO  HOLD THAT

4             THE FAILURE TO GIVE CALJIC NO 2.01 CONSTITUTES

5                      FEDERAL CONSTITUTIONAL ERROR

6        The Court of Appeal held that the trial court erred by giving CALJIC

7    No 2.02 instead of CALJIC No. 2.01 (Response Att.Gen. p.14). Nonetheless,

8    the court applied the standard of People v. Watson,46 Cal.2d 818 and held

9    that the error was harmless. While it was appropriate for the court to employ

10   the watson standard under the principle of stare decisis, this court should

11   grant review in order to announce that the standard of sullivan v. Louisiana

12   (1993) 508 U.S 275 must be employed when the trial court fails to give No.

13   2.01 or No. 2.02.

14        Under existing precedent, the Watson standard is to be applied in this

15   case.(People v. Bloyd (1987) 43 Cal.3d 333,351-352.) However, there is little

16   doubt that the omission to give No. 2.01 implicates the federal Constitution.

17        The principles enunciated in No. 2.01 (and No.2.02) flow from the

18   reasonable doubt standard. (People v. Hatchett (1944) 63 Cal.App.2d 144,155.)

19   This is so because there is an absence of proof beyond a reasonable doubt

20   when there is a reasonable inference supporting innocence which can be drawn

21   from the evidence. Give the fact that No. 2.01 states a principle which

22   is part and parcel of the reasonable doubt standard, it necessarily follows

23   that an instructional omission regarding that principle constitutes federal

24   constitutional error under the fifth and fourteenth Amendments. (Sullivan

25   v. Louisiana, 508 U.S. 275,278-282[error in reasonable doubt instruction

26   requires per se reversal under the federal Constitution].)

27        Regardless of the requirements of Sullivan, the People cannot show

28

(5)

1 | that the error was harmless beyond a reasonable doubt. (Chapman v. California
2 | (1967) 386 U.S. 18,24.) The Key principle found in both No. 2.02 and 2.02
3 | is that the defendant is entitled to an acquittal if the inferences to be
4 | drawn from circumstantial evidence are equally consistent with both guilt
5 | and innocence. Here, the jury was misled into believing that this principle
6 | applied only to the issue of specific intent and not to the issue of whether
7 | the presence of appellant's fingerprint proved that he was the perpetrator.
8 |     Although it is a slightly different case, People v. Salas (1976) 58
9 | Cal.app.3d 460,supports this result. There,the defendant was charged with
10 | robbery with the infliction of great bodily injury. The court gave No. 2.02
11 | as to the  specific intent element of robbery but did not give it regarding
12 | the specific intent to inflict great bodily injury. The Court of Appeal
13 | held that the omission constituted reversible error since the jury was misled
14 | into making its great bodily finding"without giving consideration to the
15 | requirement that the proved circumstances were not only consistent with
16 | the hypothesis that he had such specific intent, but were irreconcilable
17 | with any other rational conslusion."(Id. at p. 475.)
18 |     The same is true is true here, Since No.2.02 was given as to the specific
19 | intent element of burglary,the jury naturally believed that the principle
20 | stated in the instruction did not apply to the proof of any other factual
21 | matter. The logic of Salas compels reversal.
22 |     As a final point,it cannot be overlooked that the closing argument
23 | presented by defense counsel focused solely on the question of circumstantial
24 | evidence.(RT 172-173). However, without the benefit of No. 2.01, it is likely
25 | that the jury gave little or no consideration to the defense case. this
26 | court should grant review in order to remedy a manifest miscarriage of
27 | justice.
28 |                         (GROUND TWO)

(6)

APPELLANT WAS DEPRIVED OF DUE PROCESS AND
HIS RIGHT TO THE ASSISTANCE OF COUNSEL UNDER
THE FEDERAL CONSTITUTION WHEN THE TRIAL
COURT MADE AN EVIDENTIARY RULING WHICH
PRECLUDED APPELLANT FROM PRESENTING HIS
ONLY DEFENSE TO THE CHARGE

Prior to trial, the prosecutor filed a motion in limine in which he sought leave to adduce evidence concerning to residential burglaries which appellant had committed in 1987 and 1989. (CT 47-51.) The prosecutor asserted that the prior acts were admissible under Evidence Code section 1101. pursuant to two theories: (1) to prove appellant's intent to steal; and (2) to negate the defense theory of "innocent mistake." (CT 47-51.) With respect to the latter theory, the prosecutor contended that the commission of the prior burglaries was relevant to contradict the defense theory that appellant's fingerprint was innocently left on the window in February when he delivered furniture to the premises in qqestion. (CT 48.)

The defense argued that the prior burglaries should be excluded on the grounds that they were "too similar" to the instant offense. (RT 20.) The trial court ruled that the prior acts were not to be admitted during the People's case-in-chief. (RT 20) However, the court indicated that the evidence could be adduced if appellant raised the defense that his fingerprint had been placed on the window at at time other than the day of the burglary. (RT 20.) In the court's view, such a defense "would open the door because it is indicating that the fingerprint got on there by a mistake or innocent way and puts the specific intent as issue." (RT 20.)

Subsequently, the court clarified that its ruling had been premised on the balancing of factors required by Evidence code section 352. (RT 32.) However, the court once again emphasized that the evidence would be admissible to prove appellant's intent "if he argued that the fingerprint was placed on the window in February. (RT 31-32.)

(7)

1   Defense counsel argued that the court's ruling violated appellant's right
2   to due process under the federal Constitution since he was"hamstrung" as to
3   what he could argue to  the jury. (RT 34-35.) Nonetheless, the court stuck
4   to its ruling. (RT 35.)

5       During the trial,the jury heard evidence that appellant was at Ms. Ho's
6   home in February. (RT 136,145.) In addition, the People's fingerprint examiner
7   conceded that he had no way of knowing how long appellant's fingerprint had
8   been on the window. (RT 124.)

9       Prior to closing argument, the prosecutor suggested to the court that
10  defense counsel had opened the door to admission of the prior burglaries by
11  implying in his questions that the fingerprint had been left in February. (RT
12  158-160.) The court declined to reverse its earlier ruling excluding the burgl-
13   aries. (RT 160.) However, the court indicated that it was willing to "look
14  at it again" depending upon the contents of the closing argument made by
15  defense counsel. (RT 160.)

16      Subsequently, defense counsel made no claim during his closing argument
17  that appellant had deposited the fingerprint on the day that he had  delivered
18  furniture. Rather, in his extremely truncated argument, counsel argued only
19  that the fingerprint did not constitute sufficient circumstantial evidence
20  to allow for a conviction. The entirety of counsel's argument was as follows.

21          "Mr. Clift: Thank you, your honor. Good afternoon, ladies and
        gentlemen. This case is based on circumstantial evidence and
22      and circumstantial evidence is a a a chain inferences [sic] that you
        can make from whatever the evidence shows. And like any chain, it is
23      only as strong as its weakest link.
            "And the judge gave you an example of what circumstantial evidence is
24      at the beginning of this trial.Everybody remember the pool examplw?
        All right. Let me give you--let me give it to you again, all right?
25      You're sitting in a room, livingroom, shades closed. Pool's out in the
        backyard. You don't see anybody come through your bedroom and go out
26      into the backyard. You don't hear a diving board going up and down. You
        don't hear a splash in the water. You go outside where the pool is. You
27      don't see any water moving like someone had jumped in it. You
        don't see any footprints on the ground that are wet coming from the

28
                                    (8)

1   pool going over to a lounge chair. You don't see anybody sitting
    in the lounge chair soking up the sun either. All you see out in
2   the at pool area is a big wet toe print. That's not enough in-
    ference. You can'textrapolate from that evidence and determine
3   what happened beyond a reasonable doubt. And that's what you need
    to do in this case is based on the evidence and your interpretat-
4   ion of what evidence is, did the district attorney prove to you
    that Mr. Ho burglarized that house beyond a reasonable doubt woth
5   that evidence, that it's clear in your mind that it had to be him?
    That's your job. Thank you."(RT 172-173.)
6

7        As is readily apparent, the trial court's ruling precluded appellant

8   from presenting his only conceivable defense (i.e. that  he had placed the

9   fingerprint on the window in February rather than April). Insofar as the

10  court's ruling was entirely illogical, appellant was deprived of his right

11  to due process.

12       The trial court's ruling had two components. Frist, under Evidence Code

13  352, evidence of the prior burglaries was deemed to prejudicial to be allowed

14  during the People's cas-in-chief. (RT 20,32.) However, if appellant attempted

15  to argue that he had placed the fingerprint on the window in February, the

16  prior burglaries would be admitted to prove his intent to steal and the lack

17  of mistake. (RT 20, 31-31.) The court's analysis cannot withstand scrutiny.

18       The defect in the court's reasoning is that there is no logical connection

19  between appellant's commission of prior burglaries and a negation of the

20  defense which appellant sought to present. This is true as to both the intent

21  and mistake theories.

22       The factual question posed by appellant's defense was whether his finger-

23  print  was placed in February or April. The fact that appellant had

24  previously maintained the intent to steal does not logically show that the

25  fingerprint was not placed in February. a simple hypothetical illustrates

26  the merit of this conclusion.

27       Assumed that a homeowner is a herion user. The homeowner goes on vacation

28  and leaves a stash of herion in the house. The homeowner also allows two

1  junkies (A and B) to housesit. When the homeowner returns, her heroin is
2  gone. She believes that A has stolen the heroin. A defends on the grounds
3  that B took the heroin. While A's intent to use heroin certainly proves his
4  motive to steal the heroin, his intent does not disprove his defense that
5  B took the drugs. This is so because A's status as a junkie does not prove
6  that the other junkie did not steal the heroin.

7      The same analysis applies here. While appellant's prior acts of theft
8  have a tendency in reason to prove that he committed the burglary in April,
9  the prior acts have no tendency to disprove that he left his fingerprint on
10  the window in February. Thus, the court erred in holding that appellant's
11  previously manifested mental state had anything to do with the factual question
12  posed by his defense in this case.

13      The identical conslusion is required as to the court's analysis regarding
14  "mistake." This is so since the theory bears no relationship to the sisputed
15  factual question in this case.

16      It is, of course, true that section 1101.subdivion (b) allows for admiss-
17  ion of prior bad acts to prove the absence of mistake or accident.." However,
18  this principle comes into play only when the characterristics of an uncontest-
19  ed act are at issue.

20      For example, in People v. burnett (2003) 110 Cal.App.4th 868, the defend-
21  ant was charged with animal cruelty based on his act of tossing a dog into
22  traffic. In light of the possible defense that the defendant had accidentally
23  thrown the dog, the trial court ruled that a prior act of cruelty to a dog
24  vcould be admitted to negate the defense theory. (Id. at pp. 880–881; see
25  also People v. Finney (1980) 110 Cal.App.3d 705,715 [prior act of ramming
26  police car was admissible to rebut defense that defendant had accidentally
27  struck police car.].)

28      This case at bar is entirely different from the cited cases for the

1   simple reason that appellant disputed that he had committed the instant
2   burglary. Thus, unlike Burnett and Finney, appellant did not claim that he
3   had committed the actus reus by mistake or accident. Rather, he contended
4   that he did not commit the act at all. Thus, the "mistake" theory was not
5   properly applied in this case.

6        In rejecting appellant's claim of error, the court of Appeal resoned
7   that the prior acts of burglary were admissible to rebut the possible defense
8   theory that appellant " placed his print on the window in February and had
9   no criminal intent at that time.."  Little need be said regarding this
10  illogical conslusion.

11       Neither the People nor appellant claimed that a burglary was committed
12  in February. Thus, it is simply senseless to suggest that evidence of the
13  prior burglaries served to show appellant's intent "at that time"(i.e.
14  February).

15       Rather, as has been diacussed above, the fact that appellant had
16  previously committed burglaries does not logically show that he did not
17  accidentally leave a fingerprint in Februrary when no burglary was committed.
18       The effect of the error was to preclude defense counsel rom presenting
19  appellant's theory of the case during closing argument. Indeed, an examination
20  of the record makes this crystal clear.

21       the only defense available to appellant was that he had placed his finger-
22  print on Ms. Ho's window in February when he delivered fruniture. However,
23  the court expressly precluded defense counsel from raising the theory lest
24  the prior burglaries come into evidence. (rt 20,31-32.) Given  this restriction
25  counsel was reduced to two page closing argument which made no mention of
26  appellant's February visit to the premises. (RT 172-173.) On this record,
27  reversal is required.
28       Conde v. Henry (9th Cir. 2000) 198 F.3d 734 is closely on point.

(11)

1   There, the defendant was charged with kidnapping for the purpose of
2   robbery. Prior to closing argument, the court told defense counsel that
3   he was prohibited from arguing that a robbery had not occurred. The Court
4   of Appeals held that the court's ruling constituted reversible error.

5   "By preventing Conde from arguing that no robbery had occurred
    and that he lacked the requisite intent to rob, the trial court's
6   order violated the defendant's fundamental right to assistance of
    counsel and right to present a defense, and it relieved the
7   prosecution of its burden to prove its case beyond a reasonable
    doubt." (Conde, supra. 198 F.3d at p. 739.)
8

9   In Conde, the court found that the error was structural in nature
10  and no showing of prejudice was required. (Conde,supra, 198 F.3d 734,741.)
11  Since  the right to present both a defense and an attendant closing argu-
12  ment are part of the "framework" of a criminal trial. this holding is
13  unassailable. Nonetheless, appellant can make a showing of prejudice if
14  one is required.

15  The record shows to a certainty that appellant visited Ms. Ho's home
16  in February. Ms. Ho admitted that the deliverymen went outside during
17  their visit. (RT 64-65, 71-72.) Thus, she could not categorically state
18  that appellant had not gone into her backyard.

19  It is true that appellant's colleague, Mr. tran, testified that they
20  did not  did not go into the backyard. (RT 147.) However, Mr. Tran's
21  testimony was strongly impeached due to his inability to recall the lay-
22  out of the house or any other delivery which they made that day. (RT 147-
23  149, 154.) Thus, Mr. Tran's testimony was scarcely dispositive.

24  In short, appellant had no opportunity to advance his only conceivable
25  defense. Since appellant has been condemned to a lifetime of incarceration
26  due to the trial court's erroneous ruling, a new trial must be ordered.
27  (Conde v. Henry, supra, 198 F.3d 734, 741.)

28                                          III.

                                           (12)

APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE
OF COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS
TO THE FEDERAL CONSTITUTION WHEN HIS TRIAL ATTORNEY
FAILED TO OBJECT TO THE $10,000. RESTITUTION FINE
WHEN THE COURT INTENDED TO IMPOSE A $7,000. FINE.

The trial court expressly ordered appellant to pay a $10,000.
restitution fine pursuant to Penal Code section 1202.4. (RT 211.) As will
be demonstratedd below, the fine must be reduced to $7,000. since the court
actually intended to impose a fine of $7,000.

In imposing the restitution fine, the court stated:"The defendant
must pay restitution fine of $10,000. under the formula of 1202.4" (RT
211.) Without doubt, the quoted comment reflects the court's intent to
impose a fine of $7,000.

As was noted by the court, section 1202.4 provides a non-binding
"formula" for the calculation of restitution fines. In this regard, section
1202.4, subdivision (b)(2) provides:

> "In setting a felony restitution fine, the court may determine the
> amount of the fine as the product of two hundred dollars (200)
> multiplied by the number of years of imprisonment the defendant is
> ordered to serve, multiplied by the number of felony counts of which
> the defendant is convicted."

In this case, the formula yields a restitution fine of $7,000. This
figure is obtained by multiplying $200. x 35 x 1. Thus, since the court
intended to use the formula, it made a mathematical error when it specified
a fine of $10,000. instead of $7,000.

Insofar as his trial attorney failed to object to the $10.000. fine,
appellant contended in the Court of Appeal that he was deprived of the
effective assistance of counsel. the Court of Appeal rejected appellant's
claim. (Exhibit A,pp.19-20.) In so doing, the court erred.

A claim o f ineffective assistance of trial counsel has two
components: (1) a showing that counsel's preformance fell below" prevailing
professional norms"; and (2) a showing that counsel's error prejudiced

(13)

1  the defense. (Strickland v. Washington (1984) 466 U.S. 668,690-692.) With
2  respect to the question of prejudice, a defendant need only show "that
3  there is a reasonable probability that, but for counsel's unprofessional
4  errors, the result of the proceeding would have been different." (Id at
5  p. 694.) Appellant can easily  satisfy the cited standard.

6       It is defense counsel's duty to promote the proper application of
7  the sentencing laws. (People v. Scott (1994) 9 Cal,4th 331, 351.) Here
8  , the trial  court clearly erred in stating it belief that $10,000. was
9  the amount to be assessed under the section 1202.4 formula. thus, defense
10 counsel failed to perform in an objectively reasonable fashion when he
11 did not protest the error.

12      Had counsel made an objection, the trial court would have imposed
13 a $7,000. fine. thus, appellant is entitled to a remedy. (Strickland v.
14 Washington,supra, 466 U.S. 668,694.)

15      In holding to the contrary, the Court of Appeal resorted to a highly
16 strained reading of the record. With regard to the trial court's stated
17 intention to use the section 1202.4"formula," the Court of Appeal first
18 noted that "[t]he English language is not absolutely precise." (Exhibit
19 A.p.20.) From this premise, the court concluded that "[n]othing in the
20 record suggests that the  trial court would have imposed a lesser
21 restitution fine had defendant's counsel objected to imposition of the
22 maximum restitution fine permitted in this case." (Exhibit A,p.20.)
23 The quoted conclusion is unreasonable.

24      The trial court clearly stated its intention to use the formula of
25 1202.4. (RT 211.) Given this unequivocal assertion, it is a fair and
26 compelling inference from the record that the court would have imposed
27 a $7,000. fine had an objection been rendered. As a result, this court
28 should grant review so that the trial court's manifest intention may be

(14)

1    carried out.

2                                    IV.

3            APPELLANT'S DUE PROCESS UNDER THE FOURTEENTH AMENDMENT
             WAS VIOLATED AND HIS EQUAL PROTECTION DUE TO THE USE OF
4            STRIKES OF PRIOR PLEA BARGAIN AGREMENTS UNDER SENTENCING
                                  PUNICHMENT
5

6        Petitioner claims that two prior plea bargains have been broken and

7    they are not valid under his present sentence and conviction was imposed.

8    Under current law Penal Code 667.(b-i) enhancement and Penal Code 1170.12;

9    667.5 (c)/1192.7 (c) (STRK) Prior Convictions.

10       Petitioner's defense attorney Casey Clift submitted a request ro

11   the court to exercise its discretion to strike a June 30,2005 prior in

12   the Santa Clara.

13       Petitioner also claims that a second prior was also entered from

14   a June 26,1989 conviction.

15       As mentioned herein the prior prison prior's Under Penal Code 667.(a)

16   only carry a five year enhancemant for each prison prior.

17       Also mentioned herein  Under the earlier plea bargains Penal Code

18   1170.1(a) [5-year limit] and or P.C. 1170.1 (f)[doublethe base term]. The

19   for-mentioned  procedures were available under the sentencing guild lines

20   during the sentences in the Santa Clara court in the two prior convictions.

21       Neither enhancement was ever used in any prior plea or sentencing

22   incured in the earlier convictions. Penal Code section 1385 is avaliable

23   to the prosecution to motion to the court to strike a prior conviction.

24   When petitioner suffered the 2005, conviction the state passed on the prior

25   of the 1998 conviction. The conviction of 1998 was available.

26       Because the 1998, conviction was available to the prosecutor in

27   June of 2005. jeopardy had attached.

28                                    V.

                                    (15)

EX POST FACTO STATUTE: GREATER PUNISHMENT :

DUE PROCESS : FREEDOM FROM CRUEL AND UNUSUAL

PUNISHMENT : EIGHT AMENDMENT VIOLATION

The petitioner has a due process right to enforce the terms of his earlier plea bargain agreements. The petitioner also has a consitutional right that is federally  protected that allows him to the benefits  of the 1998 and 2005 plea agreements.

Within the abstract of judgment the judge had within his power to impose any number of Penal codes that were agreed to in 2005. P.C. 1170 (d), 1170.1(a) [5-year limit] and or 1170.1 (f) [double base term].

Also available to the judge in 2005 was available to the sentencing judge was any number of additional P.C. 667.5 (a),667.5(b),667.6(b),667.6 (a), prior prison terms each carrying [5-years each].

The petitioner's waiver of his Constitutional Rights for a plea of guilty is a Constitutional contract to plea guilty to a lesser charge.

The abstract of judgment-for-commitment to state prison is also a binding contract so the state prison of commitment  knows the terms of the sentence what additional enhancemnets to incur for the prisoners total time to be spent in prison.

The sentencing judge in petitioner's current conviction was increased the petitioner's term of prison to a greater sentence over 25-years to life and add an additional ten years enhancement because the judge in 2005. passed to impose any of the 667. and 1170. Penal Codes. This violation tone the petitioner's rights is harmful because the judge passed to impose any of the harsher punishment available to him when there was available to his the remedy to impose a harsher punishment in 2005.

(16)