Hung Q. Ho.,
D-73820 / I-133-Low
CMF / P.O. BOX 2000
Vacaville, CA 95695-2000

Petitioner In Pro Se

**FILED**

JUL 17 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG Q. HO., | ) No. **CC-464216** |
|       **Petitioner,** | ) |
| | ) |
| | ) **TRAVERSE TO ANSWER TO** |
| **v.** | ) **PETITION FOR WRIT OF** |
| | ) **HABEAS CORPUS: POINTS** |
| MIKE KNOWELS, Warden., | ) **AND AUTHORITIES** |
| | ) |
|       **Respondent.** | ) |
| | ) |
| | ) |
| | ) |

*C-07-4227 CW*

**COVER SHEET**

Hung Q. Ho.,
D-73820 / I-133-Low
CMF / P.O. BOX 2000
Vacaville,CA 95696-2000

Petitioner In Pro Se

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFONIA

HUNG Q. HO.,                )    No.CC-464216
                            )
          Petitioner,       )    TRAVERSE TO ANSWER TO
                            )    PETITION FOR WRIT OF
v.                          )    HABEAS CORPUS: POINTS
                            )    AND AUTHORITIES
MIKE KNOWELS, Warden.,      )
                            )
          Respondent.       )
                            )
_____)

**Hung  Q. Ho.,,** Petitioner, makes this traverse to
Respondent's Answer to **Attorney General's** Petition for Writ of
Habeas Corpus and alleges as follows:


#### CUSTODY

        Petitioner agrees that he is in custody as stated in ¶
1 of the Answer . Petitioner claims that he is not "lafully" in
custody because of the violations of his rights under the U.S.
Constitution that are alleged in the "Grounds" section of his
Petition for Writ of Habeas Corpus. Except as expresly admitted
herein, Petitioner denies each and every allegation of the answer
and re-affirms that his confinement is in violation of the
constitution.

## STANDARD OF REVIEW

Petitioner agrees that the petition is governed by the AEDPA. However, Petitioner contends that the state court unreasonably determined the facts, and rhat the facts which the state court found are contradicted by clear and convincing evidence in the record; and that the state court's conclusions of law are contrary to, and consist of an unreasonable application of, clearly established law as determined by the U.S. Supreme Court.

## EXHAUSTION

Petitioner has exhausted all the claims in his petition for writ of habeas corpus.

## PROCEDURAL ISSUES

The petition is timely under the AEDPA and there have been no procedural defaults.

Petitioner denies that the state court clearly and expressly relied on a procedural default in rejecting petitioner's claim on state habeas corpus, and therefore denies that the alleged procedural default is "independent". Furthermore, it was not "adequate": The rule in question was not firmly established and regularly followed at the time Petitioner allegedly defaulted herein, nor has Respondent carried its burden of pleading and proving such a procedural default in this court.

## DEMAND FOR EVIDENTIARY HEARING

Petitioner demands an evidentiary hearing in this court on all the claims in the petition.

The state court failed yo hold an evidentiary hearing on state habeas corpus, and therefore did not determine the decisive and operative "facts" upon which a denial of petitioner's constitutional claims could legitimately be based.

2

This failure was not due to any fault of petitioner, who was denied an evidentiary hearing in state court even though petitioner requested such a hearing and diligently established the factual and legal basis for such a hearing.

### INCORPORATION REFERENCE

Petitioner incorporates by reference the petition for writ of Habeas Corpus, along with all supporting documents, including the Supporting Exhibits and Points and Authorities previously filed. Further, Petitioner incorporates by reference Petitioner's Points and Authorities in Support of Traverse, which is being submitted contemporaneously.

### PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth herein and in the documents incorporated by reference, Petitioner respectfully requests that the court:

(1) order an evidentiary hearing and appoint counsel for the petitioner.

(2) grant the writ of habeas corpus, reverse Petitioner's conviction, and order a new trial;

(3) appoint counsel for petitioner; and

(4) grant all other appropriate relief.

Dated: 7-4-2008

[Prisoner's Signature]
[PRISONER"S NAME]

Petitioner, In Propia Persona

3

Case Name: _____ Hung Q. Ho _____

Case Number: _____ CC-646216 _____

Court: _____ NORTHERN DISTRICT COURT _____

# PROOF OF SERVICE BY MAIL

I, _____ Hung Q. Ho _____ declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on _____ 7-4-2008 _____ I served the attached: a true copy of the attached:

TRAVERSE TO ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS: POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

clerk's office U.S. District Court
Northern District of California
450 Golden Gate Ave, 16th Floor
San Francisco,CA 94102

Office of the Attorney General
455 Golden Gate Ave, Ste.11000
San Francisco, CA 94102-3364

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the _____ 7-4-2008 _____ at California Medical Facility, Vacaville, California.

_____ HUNG Q. HO _____
**Declarant**

_____
Declarant's Signature

1 **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2 Name ___HO_____HUNG_____Q_____
       (Last)             (First)         (Initial)

3 Prisoner Number ____D-7 3820_____

4 Institutional Address _P.O. Box 2210, Susanville, Ca. 96127_____

5

6

7 **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

8 HUNG Q. HO _____ )
(Enter the full name of plaintiff in this action.) )

9                    )
           vs.            ) Case No. _CC-464216_____

10 K. PROSPER, WARDEN, _____ ) (To be provided by the clerk of court)

11 _____ ) **PETITION FOR A WRIT**
                   ) **OF HABEAS CORPUS**

12 _____ )

13 _____ )
                   )

14 (Enter the full name of respondent(s) or jailor in this action) )
_____ )

15

16 Read Comments Carefully Before Filling In

17 When and Where to File

18      You should file in the Northern District if you were convicted and sentenced in one of these

19 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located. If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS     - 1 -

<u>Who to Name as Respondent</u>

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

<u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

1. What sentence are you challenging in this petition?

    (a)   Name and location of court that imposed sentence (for example: Alameda County Superior Court, Oakland):

             Santa Clara Superior      San Jose

             Court                        Location

    (b)   Case number, if known  CC-464216

    (c)   Date and terms of sentence  July 22,05 ; 35 years to life

    (d)   Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)    Yes  XX   No _____

             Where?

             Name of Institution:  California Correctional Center

             Address:  P.O. BOX 2210,Susanville,CA.

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

P.C. 459/460;P.C. 667.(a);Two Prior Enhancements, P.C.1170.12

_____

_____

3. Did you have any of the following?

Arraignment:                     Yes __XX__    No _____

Preliminary Hearing:             Yes __XX__    No _____

Motion to Suppress:              Yes __XX__    No _____

4. How did you plead?

Guilty _____    Not Guilty __XX__    Nolo Contendere _____

Any other plea (specify) ____N/A_____

5. If you went to trial, what kind of trial did you have?

Jury __XX__    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?                Yes __XX__    No _____

7. Did you have an attorney at the following proceedings:

(a)    Arraignment                   Yes __XX__    No _____

(b)    Preliminary hearing           Yes __XX__    No _____

(c)    Time of plea                  Yes __XX__    No _____

(d)    Trial                         Yes __XX__    No _____

(e)    Sentencing                    Yes __XX__    No _____

(f)    Appeal                        Yes __XX__    No _____

(g)    Other post-conviction proceeding    Yes __XX__    No _____

8. Did you appeal your conviction?               · Yes _____    No _____

(a)    If you did, to what court(s) did you appeal?

Court of Appeal                Yes __XX__    No _____

Year: __May 5,06__    Result: __Judgment Affirmed__

Supreme Court of California    Yes __xx__    No _____

Year: __July 12,06__  Result: __Denied__

Any other court                Yes __xx__    No _____

Year: __June ,07__    Result: __Judgment Affirmed__

(b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS          - 3 -

petition?                                            Yes xx ___    No ___

(c)    Was there an opinion?                         Yes ___    No xx

(d)    Did you seek permission to file a late appeal under Rule 31(a)?

                                                     Yes ___    No xx

If you did, give the name of the court and the result:

_____ N/A _____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

this conviction in any court, state or federal?              Yes xx    No ___

    [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

challenged the same conviction you are challenging now and if that petition was denied or dismissed

with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

for an order authorizing the district court to consider this petition. You may not file a second or

subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

U.S.C. §§ 2244(b).]

    (a)    If you sought relief in any proceeding other than an appeal, answer the following

           questions for each proceeding. Attach extra paper if you need more space.

    I.     Name of Court: California Supreme Court

           Type of Proceeding: Writ of Habeas Corpus

           Grounds raised (Be brief but specific):

           a. DEPRIVED OF DUE PROCESS

           b. JURY INSTRUVCTIONS CALJIC 2.02 INSTEAD OF 2.01

           c. REDUCTION OF RESTITUUION:PLEA BARGAIN PRIORS

           d. EXP POST FACTO ,CRUEL AND UNUSUAL PUNISHMENT

           Result: Denied _____ Date of Result: July 12,06

    II.    Name of Court: N/A

           Type of Proceeding: _____

           Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

1        a._____

2        b._____

3        c._____

4        d._____

5        Result: _____Date of Result:_____

6    III.   Name of Court: \_\_N/A_____

7        Type of Proceeding: _____

8        Grounds raised (Be brief but specific):

9        a._____

10       b._____

11       c._____

12       d._____

13       Result: _____Date of Result:_____

14   IV.   Name of Court: \_\_N/A_____

15       Type of Proceeding: _____

16       Grounds raised (Be brief but specific):

17       a._____

18       b._____

19       c._____

20       d._____

21       Result: _____Date of Result:_____

22   (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                           Yes \_\_\_\_   No xx\_\_\_\_

24       Name and location of court: _____

25  B. GROUNDS FOR RELIEF

26      State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS     - 5 -

1    need more space.  Answer the same questions for each claim.

2    　　[Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3    petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b): McCleskey v. Zant,

4    499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5    　　Claim One: FAILURE TO GIVE CALJIC 2.01 CONSTITUTES FEDERAL

6    CONSTITUTIONAL ERROR

7    　　Supporting Facts:   SEE ATTACHED PAGE 5-6

8    _____

9    _____

10   _____

11   　　Claim Two: DEPRIVED OF DUE PROCESS AND RIGHT TO THE ASSISTANCE

12   OF COUNSEL: COURT MAD AN EVIDENTIARY RLUING DENYING DEFENSE

13   　　Supporting Facts: SEE ATTADCHED PAGES  7-12.

14   _____

15   _____

16   _____

17   　　Claim Three: (IAC) Sixth & Fourteenth;TRIAL ATTORNEY FAILED TO

18   OBJECT TO THE $10,000. RESTITUTION,COURT INTENDED TO IMPOSE $7,000

19   　　Supporting Facts: SEE ATTACHED PAGES  13-15

20   　 Claim Four: Use of strikes of prior plea agrements

21   　　　 SEE ATTACHED PAGES 15

22   　 Claim Five: EX POST FACTO ST ATUTE,FREEMOM FORM CRUEL PUNISH-
     ment. SEEA ATTACHED PAGE 15

23   　　If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why:

25   　　　N/A
     _____

26   _____

27   _____

28   _____

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3    of these cases:

4      CASES ARE WITHIN THE ARGUMENTS PROVIDED

5    _____

6    _____

7    Do you have an attorney for this petition?           Yes____    No_XX_

8    If you do, give the name and address of your attorney:

9    _____

10       WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on _8-8-2007_               _____

14               Date                      Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS       - 7 -

I, the undersigned, hereby declare and state that, I am over the age of eighteen (18) years old and I (am)          a party to the within cause of action that on this _8_ , day of _8_          , _2007_, I placed the below named legal documents in the United States Mail:


PETITION OF WRIT OF HABEAS CORPUS
_____

_____

_____

_____


for which are addressed to the below named parties/persons:

OFFICE OF THE STATE ATTORNEY GENERAL
1300 I STREET
SACRAMENTO,CA. 95814

CLERK  OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DICTRICT
450 GOLDEN GATE AVE.,P.O.BOX 36060
SAN FRANCISCO,CA. 94102


I, hereby declare under the penalty of perjury of the laws of the State of California, and the United States, that the above certificate of service is true and correct to the best of my knowledge and recollection.

DECLARANT

(GROUND ONE)

### THIS COURT SHOULD GRANT REVIEW IN ORDER TO  HOLD THAT
### THE FAILURE TO GIVE CALJIC NO 2.01 CONSTITUTES
### FEDERAL CONSTITUTIONAL ERROR

The Court of Appeal held that the trial court erred by giving CALJIC
No 2.02 instead of CALJIC No. 2.01 (Response Att.Gen. p.14). Nonetheless,
the court applied the standard of People v. Watson,46 Cal.2d 818 and held
that the error was harmless. While it was appropriate for the court to employ
the watson standard under the principle of stare decisis, this court should
grant review in order to announce that the standard of sullivan v. Louisiana
(1993) 508 U.S 275 must be employed when the trial court fails to give No.
2.01 or No. 2.02.

Under existing precedent, the Watson standard is to be applied in this
case.(People v. Bloyd (1987) 43 Cal.3d 333,351-352.) However, there is little
doubt that the omission to give No. 2.01 implicates the federal Constitution.

The principles enunciated in No. 2.01 (and No.2.02) flow from the
reasonable doubt standard. (People v. Hatchett (1944) 63 Cal.App.2d 144,155.)
This is so because there is an absence of proof beyond a reasonable doubt
when there is a reasonable inference supporting innocence which can be drawn
from the evidence. Give the fact that No. 2.01 states a principle which
is part and parcel of the reasonable doubt standard, it necessarily follows
that an instructional omission regarding that principle constitutes federal
constitutional error under the fifth and fourteenth Amendments. (Sullivan
v. Louisiana, 508 U.S. 275,278-282[error in reasonable doubt instruction
requires per se reversal under the federal Constitution].)

Regardless of the requirements of Sullivan, the People cannot show

(5)

1    that the error was harmless beyond a reasonable doubt. (Chapman v. California

2    (1967) 386 U.S. 18,24.) The Key principle found in both No. 2.02 and 2.02

3    is that the defendant is entitled to an acquittal if the inferences to be

4    drawn from circumstantial evidence are equally consistent with both guilt

5    and innocence. Here, the jury was misled into believing that this principle

6    applied only to the issue of specific intent and not to the issue of whether

7    the presence of appellant's fingerprint proved that he was the perpetrator.

8        Although it is a slightly different case, People v. Salas (1976) 58

9    Cal.app.3d 460,supports this result. There,the defendant was charged with

10    robbery with the infliction of great bodily injury. The court gave No. 2.02

11    as to the  specific intent element of robbery but did not give it regarding

12    the specific intent to inflict great bodily injury. The Court of Appeal

13    held that the omission constituted reversible error since the jury was misled

14    into making its great bodily finding"without giving consideration to the

15    requirement that the proved circumstances were not only consistent with

16    the hypothesis that he had such specific intent, but were irreconcilable

17    with any other rational conslusion."(Id. at p. 475.)

18        The same is true is true here, Since No.2.02 was given as to the specific

19    intent element of burglary,the jury naturally believed that the principle

20    stated in the instruction did not apply to the proof of any other factual

21    matter. The logic of Salas compels reversal.

22        As a final point,it cannot be overlooked that the closing argument

23    presented by defense counsel focused solely on the question of circumstantial

24    evidence.(RT 172-173). However, without the benefit of No. 2.01, it is likely

25    that the jury gave little or no consideration to the defense case. this

26    court should grant review in order to remedy a manifest miscarriage of

27    justice.

28                            (GROUND TWO)

                               (6)

APPELLANT WAS DEPRIVED OF DUE PROCESS AND
HIS RIGHT TO THE ASSISTANCE OF COUNSEL UNDER
THE FEDERAL CONSTITUTION WHEN THE TRIAL
COURT MADE AN EVIDENTIARY RULING WHICH
PRECLUDED APPELLANT FROM PRESENTING HIS
ONLY DEFENSE TO THE CHARGE

Prior to trial, the prosecutor filed a motion in limine in which he sought leave to adduce evidence concerning to residential burglaries which appellant had committed in 1987 and 1989. (CT 47-51.) The prosecutor asserted that the prior acts were admissible under Evidence Code section 1101. pursuant to two theories: (1) to prove appellant's intent to steal; and (2) to negate the defense theory of"innocent mistake." (CT 47-51.) With respect to the latter theory, the prosecutor contended that the commission of the prior burglaries was relevant to contradict the defense theory that appellant's fingerprint was innocently left on the window in February when he delivered furniture to the premises in qqestion. (CT 48.)

The defense argued that the prior burglaries should be excluded on the grounds that they were"too similar"to the instant offense. (RT 20.) The trial court ruled that the prior acts were not to be admitted during the People's case-in-chief. (RT 20) However, the court indicated that the evidence could be adduced if appellant raised the defense that his fingerprint had been placed on the window at at time other than the day of the burglary. (RT 20.) In the court's view,such a defense"would open the door because it is indicating that the fingerprint got on there by a mistake or innocent way and puts the specific intent as issue." (RT 20.)

Subsequently,the court clarified that its ruling had been premised on the balancing of factors required by Evidence code section 352. (RT 32.) However,the court once again emphasized that the evidence would be admissible to prove appellant's intent"if he argued that the fingerprint was placed on the window in February. (RT 31-32.)

(7)

Defense counsel argued that the court's ruling violated appellant's right to due process under the federal Constitution since he was "hamstrung" as to what he could argue to the jury. (RT 34-35.) Nonetheless, the court stuck to its ruling. (RT 35.)

During the trial, the jury heard evidence that appellant was at Ms. Ho's home in February. (RT 136,145.) In addition, the People's fingerprint examiner conceded that he had no way of knowing how long appellant's fingerprint had been on the window. (RT 124.)

Prior to closing argument, the prosecutor suggested to the court that defense counsel had opened the door to admission of the prior burglaries by implying in his questions that the fingerprint had been left in February. (RT 158-160.) The court declined to reverse its earlier ruling excluding the burglaries. (RT 160.) However, the court indicated that it was willing to "look at it again" depending upon the contents of the closing argument made by defense counsel. (RT 160.)

Subsequently, defense counsel made no claim during his closing argument that appellant had deposited the fingerprint on the day that he had delivered furniture. Rather, in his extremely truncated argument, counsel argued only that the fingerprint did not constitute sufficient circumstantial evidence to allow for a conviction. The entirety of counsel's argument was as follows.

"Mr. Clift: Thank you, your honor. Good afternoon, ladies and gentlemen. This case is based on circumstantial evidence and and circumstantial evidence is a a chain inferences [sic] that you can make from whatever the evidence shows. And like any chain, it is only as strong as its weakest link.
"And the judge gave you an example of what circumstantial evidence is at the beginning of this trial. Everybody remember the pool examplw? All right. Let me give you--let me give it to you again, all right? You're sitting in a room, livingroom, shades closed. Pool's out in the backyard. You don't see anybody come through your bedroom and go out into the backyard. You don't hear a diving board going up and down. You don't hear a splash in the water. You go outside where the pool is. You don't see any water moving like someone had jumped in it. You don't see any footprints on the ground that are wet coming from the

(8)

pool going over to a lounge chair. You don't see anybody sitting in the lounge chair soking up the sun either. All you see out in the at pool area is a big wet toe print. That's not enough in- ference. You can'textrapolate from that evidence and determine what happened beyond a reasonable doubt. And that's what you need to do in this case is based on the evidence and your interpretat- ion of what evidence is, did the district attorney prove to you that Mr. Ho burglarized that house beyond a reasonable doubt woth that evidence, that it's clear in your mind that it had to be him? That's your job. Thank you."(RT 172-173.)

As is readily apparent, the trial court's ruling precluded appellant from presenting his only conceivable defense (i.e. that he had placed the fingerprint on the window in February rather than April). Insofar as the court's ruling was entirely illogical, appellant was deprived of his right to due process.

The trial court's ruling had two components. Frist, under Evidence Code 352, evidence of the prior burglaries was deemed to prejudicial to be allowed during the People's cas-in-chief. (RT 20,32.) However, if appellant attempted to argue that he had placed the fingerprint on the window in February, the prior burglaries would be admitted to prove his intent to steal and the lack of mistake. (RT 20, 31-31.) The court's analysis cannot withstand scrutiny.

The defect in the court's reasoning is that there is no logical connection between appellant's commission of prior burglaries and a negation of the defense which appellant sought to present. This is true as to both the intent and mistake theories.

The factual question posed by appellant's defense was whether his finger- print  was placed in February or April. The fact that appellant had previously maintained the intent to steal does not logically show that the fingerprint was not placed in February. a simple hypothetical illustrates the merit of this conclusion.

Assumed that a homeowner is a herion user. The homeowner goes on vacation and leaves a stash of herion in the house. The homeowner also allows two

(9)

junkies (A and B) to housesit. When the homeowner returns, her heroin is

gone. She believes that A has stolen the heroin. A defends on the grounds

that B took the heroin. While A's intent to use heroin certainly proves his

motive to steal the heroin, his intent does not disprove his defense that

B took the drugs. This is so because A's status as a junkie does not prove

that the other junkie did not steal the heroin.

The same analysis applies here. While appellant's prior acts of theft

have a tendency in reason to prove that he committed the burglary in April,

the prior acts have no tendency to disprove that he left his fingerprint on

the window in February. Thus, the court erred in holding that appellant's

previously manifested mental state had anything to do with the factual question

posed by his defense in this case.

The identical conslusion is required as to the court's analysis regarding

"mistake." This is so since the theory bears no relationship to the sisputed

factual question in this case.

It is, of course, true that section 1101.subdivion (b) allows for admiss-

ion of prior bad acts to prove the absence of mistake or accident.." However,

this principle comes into play only when the characterristics of an uncontest-

ed act are at issue.

For example, in People v. burnett (2003) 110 Cal.App.4th 868, the defend-

ant was charged with animal cruelty based on his act of tossing a dog into

traffic. In light of the possible defense that the defendant had accidentally

thrown the dog, the trial court ruled that a prior act of cruelty to a dog

vcould be admitted to negate the defense theory. (Id. at pp. 880-881; see

also People v. Finney (1980) 110 Cal.App.3d 705,715 [prior act of ramming

police car was admissible to rebut defense that defendant had accidentally

struck police car.].)

This case at bar is entirely different from the cited cases for the

(10)

1  simple reason that appellant disputed that he had committed the instant

2  burglary. Thus, unlike Burnett and Finney, appellant did not claim that he

3  had committed the actus reus by mistake or accident. Rather, he contended

4  that he did not commit the act at all. Thus, the "mistake" theory was not

5  properly applied in this case.

6       In rejecting appellant's claim of error, the court of Appeal resoned

7  that the prior acts of burglary were admissible to rebut the possible defense

8  theory that appellant " placed his print on the window in February and had

9  no criminal intent at that time.."  Little need be said regarding this

10 illogical conslusion.

11      Neither the People nor appellant claimed that a burglary was committed

12 in February. Thus, it is simply senseless to suggest that evidence of the

13 prior burglaries served to show appellant's intent "at that time"(i.e.

14 February).

15      Rather, as has been diacussed above, the fact that appellant had

16 previously committed burglaries does not logically show that he did not

17 accidentally leave a fingerprint in February when no burglary was committed.

18      The effect of the error was to preclude defense counsel rom presenting

19 appellant's theory of the case during closing argument. Indeed, an examination

20 of the record makes this crystal clear.

21      the only defense available to appellant was that he had placed his finger-

22 print on Ms. Ho's window in February when he delivered fruniture. However,

23 the court expressly precluded defense counsel from raising the theory lest

24 the prior burglaries come into evidence. (rt 20,31-32.) Given  this restriction

25 counsel was reduced to two page closing argument which made no mention of

26 appellant's February visit to the premises. (RT 172-173.) On this record,

27 reversal is required.

28      Conde v. Henry (9th Cir. 2000) 198 F.3d 734 is closely on point.

1   There, the defendant was charged with kidnapping for the purpose of

2   robbery. Prior to closing argument, the court told defense counsel that

3   he was prohibited from arguing that a robbery had not occurred. The Court

4   of Appeals held that the court's ruling constituted reversible error.

5      "By preventing Conde from arguing that no robbery had occurred
       and that he lacked the requisite intent to rob, the trial court's

6      order violated the defendant's fundamental right to assistance of
       counsel and right to present a defense, and it relieved the

7      prosecution of its burden to prove its case beyond a reasonable
       doubt." (Conde, supra. 198 F.3d at p. 739.)

8

9   In Conde, the court found that the error was structural in nature

10  and no showing of prejudice was required. (Conde,supra, 198 F.3d 734,741.)

11  Since  the right to present both a defense and an attendant closing argu-

12  ment are part of the "framework" of a criminal trial. this holding is

13  unassailable. Nonetheless, appellant can make a showing of prejudice if

14  one is required.

15  The record shows to a certainty that appellant visited Ms. Ho's home

16  in February. Ms. Ho admitted that the deliverymen went outside during

17  their visit. (RT 64-65, 71-72.) Thus, she could not categorically state

18  that appellant had not gone into her backyard.

19  It is true that appellant's colleague, Mr. tran, testified that they

20  did not  did not go into the backyard. (RT 147.) However, Mr. Tran's

21  testimony was strongly impeached due to his inability to recall the lay-

22  out of the house or any other delivery which they made that day. (RT 147-

23  149, 154.) Thus, Mr. Tran's testimony was scarcely dispositive.

24  In short, appellant had no opportunity to advance his only conceivable

25  defense. Since appellant has been condemned to a lifetime of incarceration

26  due to the trial court's erroneous ruling, a new trial must be ordered.

27  (Conde v. Henry, supra, 198 F.3d 734, 741.)

28                                   III.

                                     (12)

APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE
OF COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS
TO THE FEDERAL CONSTITUTION WHEN HIS TRIAL ATTORNEY
FAILED TO OBJECT TO THE $10,000. RESTITUTION FINE
WHEN THE COURT INTENDED TO IMPOSE A $7,000. FINE.

The trial court expressly ordered appellant to pay a $10,000.
restitution fine pursuant to Penal Code section 1202.4. (RT 211.) As will
be domonstratedd below, the fine must be reduced to $7,000. since the court
actually intended to impose a fine of $7,000.

In imposing the restitution fine, the court stated:"The defendant
must pay restitution fine of $10,000. under the formula of 1202.4" (RT
211.) Without doubt, the quoted comment reflects the court's intent to
impose a fine of $7,000.

As  was noted by the court, section 1202.4 provides a non-binding
"formula" for the calculation of restitution fines. In this regard, section
1202.4, subdivision (b)(2) provides:

"In setting a felony restitution fine, the court may determine the
amount of the fine as the product of two hundred dollars (200)
multiplied by the number of years of imprisonment the defendant is
ordered to serve, multiplied by the number of felony counts of which
the defendant is convicted."

In this case, the formula yields a restitution fine of $7,000. This
figure is obtained by multiplying $200. x 35 x 1. Thus, since the court
intended to use the formula, it made a mathematical error when it specified
a fine of $10,000. instead of $7,000.

Insofar as his trial attorney failed to object to the $10.000. fine,
appellant contended in the Court of Appeal that he was deprived of the
effective assistance of counsel. the Court of Appeal rejected appellant's
claim. (Exhibit A,pp.19-20.) In so doing, the court erred.

A claim o f ineffective assistance of trial counsel has two
components: (1) a showing that counsel's preformance fell below" prevailing
professional norms"; and (2) a showing that counsel's error prejudiced

(13)

1 the defense. (Strickland v. Washington (1984) 466 U.S. 668,690-692.) With
2 respect to the question of prejudice, a defendant need only show "that
3 there is a reasonable probability that, but for counsel's unprofessional
4 errors, the result of the proceeding would have been different." (Id at
5 p. 694.) Appellant can easily  satisfy the cited standard.

6      It is defense counsel's duty to promote the proper application of
7 the sentencing laws. (People v. Scott (1994) 9 Cal,4th 331, 351.) Here
8 , the trial  court clearly erred in stating it belief that $10,000. was
9 the amount to be assessed under the section 1202.4 formula. thus, defense
10 counsel failed to perform in an objectively reasonable fashion when he
11 did not protest the error.

12      Had counsel made an objection, the trial court would have imposed
13 a $7,000. fine. thus, appellant is entitled to a remedy. (Strickland v.
14 Washington,supra, 466 U.S. 668,694.)

15      In holding to the contrary, the Court of Appeal resorted to a highly
16 strained reading of the record. With regard to the trial court's stated
17 intention to use the section 1202.4"formula," the Court of Appeal first
18 noted that "[t]he English language is not absolutely precise." (Exhibit
19 A.p.20.) From this premise, the court concluded that "[n]othing in the
20 record suggests that the  trial court would have imposed a lesser
21 restitution fine had defendant's counsel objected to imposition of the
22 maximum restitution fine permitted in this case." (Exhibit A,p.20.)
23 The quoted conclusion is unreasonable.

24      The trial court clearly stated its intention to use the formula of
25 1202.4. (RT 211.) Given this unequivocal assertion, it is a fair and
26 compelling inference from the record that the court would have imposed
27 a $7,000. fine had an objection been rendered. As a result, this court
28 should grant review so that the trial court's manifest intention may be

(14)

1  carried out.

2                                    IV.

3          APPELLANT'S DUE PROCESS UNDER THE FOURTEENTH AMENDMENT
4          WAS VIOLATED AND HIS EQUAL PROTECTION DUE TO THE USE OF
           STRIKES OF PRIOR PLEA BARGAIN AGREMENTS UNDER SENTENCING
5                                PUNICHMENT

6          Petitioner claims that two prior plea bargains have been broken and

7  they are not valid under his present sentence and conviction was imposed.

8  Under current law Penal Code 667.(b-i) enhancement and Penal Code 1170.12;

9  667.5 (c)/1192.7 (c) (STRK) Prior Convictions.

10         Petitioner's defense attorney Casey Clift submitted a request ro

11 the court to exercise its discretion to strike a June 30,2005 prior in

12 the Santa Clara.

13         Petitioner also claims that a second prior was also entered from

14 a June 26,1989 conviction.

15         As mentioned herein the prior prison prior's Under Penal Code 667.(a)

16 only carry a five year enhancemant for each prison prior.

17         Also mentioned herein  Under the earlier plea bargains Penal Code

18 1170.1(a) [5-year limit] and or P.C. 1170.1 (f)[doublethe base term]. The

19 for-mentioned  procedures were available under the sentencing guild lines

20 during the sentences in the Santa Clara court in the two prior convictions.

21         Neither enhancement was ever used in any prior plea or sentencing

22 incured in the earlier convictions. Penal Code section 1385 is avaliable

23 to the prosecution to motion to the court to strike a prior conviction.

24 When petitioner suffered the 2005, conviction the state passed on the prior

25 of the 1998 conviction. The conviction of 1998 was available.

26         Because the 1998, conviction was available to the prosecutor in

27 June of 2005. jeopardy had attached.

28                                    V.

                                    (15)

EX POST FACTO STATUTE: GREATER PUNISHMENT :

DUE PROCESS : FREEDOM FROM CRUEL AND UNUSUAL

PUNISHMENT : EIGHT AMENDMENT VIOLATION

The petitioner has a due process right to enforce the terms of his earlier plea bargain agreements. The petitioner also has a consitutional right that is federally protected that allows him to the benefits of the 1998 and 2005 plea agreements.

Within the abstract of judgment the judge had within his power to impose any number of Penal codes that were agreed to in 2005. P.C. 1170 (d), 1170.1(a) [5-year limit] and or 1170.1 (f) [double base term].

Also available to the judge in 2005 was available to the sentencing judge was any number of additional P.C. 667.5 (a),667.5(b),667.6(b),667.6 (a), prior prison terms each carrying [5-years each].

The petitioner's waiver of his Constitutional Rights for a plea of guilty is a Constitutional contract to plea guilty to a lesser charge.

The abstract of judgment-for-commitment to state prison is also a binding contract so the state prison of commitment knows the terms of the sentence what additional enhancemnets to incur for the prisoners total time to be spent in prison.

The sentencing judge in petitioner's current conviction was increased the petitioner's term of prison to a greater sentence over 25-years to life and add an additional ten years enhancement because the judge in 2005. passed to impose any of the 667. and 1170. Penal Codes. This violation tone the petitioner's rights is harmful because the judge passed to impose any of the harsher punishment available to him when there was available to his the remedy to impose a harsher punishment in 2005.

(16)

MC-275

Name  HUNG Q. HO ,L5-142L

Address  P.O.BOX 2210,C.C.C.LASSON

SUSANVILLE, CA. 96127

CDC or ID Number  D-73820

---

### CALIFORNIA SUPREME

### COURT

*(Court)*

---

| HUNG QUOC HO | |
|---|---|
| Petitioner | |
| vs. | |
| K. PROSPER, Waeden | |
| Respondent | |

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _____

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS — READ CAREFULLY

* If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

* If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

---

* Read the entire form *before* answering any questions.

* This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

* Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

* If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

* If you are filing this petition in the Court of Appeal, file the original and four copies.

* If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

* Notify the Clerk of the Court in writing if you change your address after filing your petition.

* In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

---

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

PETITION FOR WRIT OF HABEAS CORPUS   WEST GROUP
Official Publisher

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

(1)

This petition concerns:

- [XX] A conviction
- [ ] A sentence
- [ ] Jail or prison conditions
- [ ] Other (specify): N/A

- [ ] Parole
- [ ] Credits
- [ ] Prison discipline

1. Your name: HUNG QUOC HO

2. Where are you incarcerated? California correctional Center,lassonP.O.BOX2210 Susanville, Ca. 96127

3. Why are you in custody? [XX] Criminal Conviction   [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   First Degree Buglary (Penal Code section 549/460; Two Prior Serious Felony Convictions Enhancements under 667(a)

b. Penal or other code sections: P.C. 459/460; P.C.1170.12

c. Name and location of sentencing or committing court: Santa Clara Superior,San Jose

d. Case number: CC-464216

e. Date convicted or committed: JULY 22,2005

f. Date sentenced: JULY 22,2005

g. Length of sentence: 35 YEARS TO LIFE

h. When do you expect to be released? 2040

i. Were you represented by counsel in the trial court? [XX] Yes. [ ] No. If yes, state the attorney's name and address:

CASEY CLIFT,PUBLIC DEFENDER, 120 WEST MISSION ST. ,SAN JOSE,CAL 95110

4. What was the LAST plea you entered? *(check one)*

[XX] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other: N/A

5. If you pleaded not guilty, what kind of trial did you have?

[XX] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Violation of Due Process Under Fifth and Fourteenth Amendments
Due to failure to Give CALJIC No. 2.01

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

See attachment, pp.7-9

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

See attachment, pp.7-9

7. Ground 2 or Ground _____ *(if applicable)*:

Violaton of Due Process and Right to Effective Assistance of Counsel

Under the Fifth, Sixth and Fourteenth Amendments Due to Limitation

Placed on Defense Case.

a. Supporting facts:
See Attachment, pp.10-18

b. Supporting cases, rules, or other authority:
See Attachment, pp.10-18

Ground 3:

Ineffectiver Assistance of Counsel Under Sixth and Fourteenth Amend-
ment Due to Failure to object to Restitution Fine

a. Supporting Facts:

See Attachment,pp.18-20

b. Supporting cases, rules, or other autority:

See Attachment,pp.18-20

PETITION FOR WRIT OF HABEAS CORPUS

(5)

Ground 4:


PLEA BARGAIN PRIORS USED AS STRIKES VIOLATES DUE PROCESS UNDER THE
FOURTEENTH AMENDMENT;EQUUAL PROTECTION;SENTENCING AND PUNISHMENT


a. Suppotring Facts;

On August 26,2004 a felony complaint was filed in the Superior
court of California,County of Santa Clara,San Jose Facility for the
arrest of HUNG QUOC HO,CGD607,DA NO: 040823669 CEN∗HH WARR∗ Claiming
One Count of FIRST DEGREE BURGLARY in violation of Penal Code sec.
459-460(a), a felony.

Alleging three prior convictions under(PC667(b)-(i)/1170.12 on
three separate occasions.

Alleging three prior covictions under (PC 667(a) also on the
mentioned three separate occasions. **(EXHIBIT "A")**.

Petitioner reflects to the two prior felony,Frist Degree
Burglary complaints.

The frist complaint filed in the  Santa Clara County Judicial
District,San Jose Facility,filed September 1,1987 for the arrest
of HUNG HO,Case 8731296;118112-A;118035-B.

Petitioner was sentenced to a plea bargain on both counts of
1A P.C.459-460 1st Dgr Burglary,Lower term of 2 years;1B P.C. 459-
460.2 2nd Dgr Burglary, Middle term of 2 years, to run concurrent.
**(EXHIBIT"B")**.

Petitioner reflects to the second complaint filed in the Santa
Clara County Judicial District,San Jose Facility, filed June 26,1989,
for the arrest of HUNG QUOC HO,Case  8919497;CEN: 8953471 (849b).
Count One Frist Degree Buglary P.C. 459-460.1:count Two,Possession

PETITION FOR WRIT OF HABEAS CORPUS

(6)

Ground 4; Continued:

One count of P.C.459-460.1,buglary 1st degree.  All the other counts were dropped due to the plea agreement.

All sentencing under the sound discretion of the judge that sentenced a  convicted defendant cannot be disturbed or sent aside without an analysis for abuse of discretion or harmless error before for prejudice  of a Constitutional Magnitude.

Due Process requires that when a defendant is convicted of a crime and sentencing is imposed. That the defendant be treated Equally and should not suffer a harsher punishment then the law prescribes at the time of sentencing.

Petitioner claims that the Plea Bargain that was excepted within two (2) complaints has been broken and are not valid once the present sentence and coviction was imposed. under the P.C. 667(b-i) enhance-ment and P.C. 1170.12; 667.5(c)/1192.7(c). (SIRK) PRIOR CONVICTIONS.

Petitioner claims that the defense attorney Casey Clift submit-ted moving papers        and filed a  REQUEST FOR COURT TO EXERCISE ITS DISCRETION PURSUANT TO PENAL CODE SECTION 1385 AND DISMISS PRIOR "STRIKES".  Filed June 30,2005 in the Superior court of Santa Clara. (EXHIBIT"D").

Petitioner claims that the  Office of the District Attorney of Santa Clara filed moving papers with the Santa  Clara Superior Court. PEOPLE"S OPPOSITION TO DENFENDANT'S MOTION TO DISMESS "STRIKE" PRIORS PURSUANT TO PENAL CODE SECTION 1385.(EXHIBIT"E").


PETITION FOR WRIT OF HABEAS CORPUS

Ground 4; Continued:

The moving papers submitted by both the defense attorney and the district attorneys office are both attempts to show that neither attorney is incompetent. These moving papers are in accordance with the procedures proscribed in criminal law. When one party wants to object to the introduction of priors and the other party wants to object to the exclusion of priors. Each party submits the motions according to the procedures proscribed under the Due Process of the Criminal Laws of that State.

According to California Law motions to the court to exclude or admit priors is to be determined before the evidence is weighed at sentencing of the defendant. The Law in California has not changed to convenience the courts of today to impose a greater sentence and change the way moving papers are submitted for priors to enhance sentences. As mentioned above the petitioner excepted plea bargains on two separate informations during sentencing. There was ample time for the defense and prosecutor in both cases to motion priors for exclusion or admissions of enhancements.

As mentioned above the prior prison P.C. 667(a) only carry a five year enhancement for each prison prior, also mentioned above under the plea bargains P.C. 1170.1(a)[5-year limit] and or P.C. 1170.1(f)[double base term].

These motions to increase the sentence was available but the plea agreement did not include these agreements. The procedures were available under the sentencing guild lines and available to the sentencing court. Neither was used then and neither should be used as part of a sentencing guild line today in the present sentence.

**END OF GROUND 4:**

PETITION FOR WRIT OF HABEAS CORPUS

Ground 4: Continued

b. Supporting cases, rules or other authority:

United States v. De La Fuente,8 F.3d 1333,1333 (9th Cir. 1993);

United States v. Blaylock,20 F.3d 1458,1467n5,1468;Davis v. Woodford,

(9th Cir. 2006) No.05-55164,March 8,2006,filed April 27,2006 for

publication.p.4831[3]; Calif.Pen. Code 667(a)(1).;Pen.Code 1170.1(a).

;Proposition 8 of 1982.

PETITION FOR WRIT OF HABEAS CORPUS

(10)

Ground 5:

EX POST FACTO STATUTE: GREATER PUNISHMENT/DUE PROCESS/FREEDOM
FROM CRUEL AND UNUSUAL PUNISHMENT;EIGHTH AMENDMENT VIOLATION

a. Supporting  Facts:

The petitioner has a due process right to enforce the  terms of his
agreement. The petitioner's due procss rights conferred by the
federal constitutuin allows him to enforce the terms of the plea
agreement.

Petitioner reflects to Exhibit  "B", which is petitioners frist
abstract of judgment-commitment to state prison, from the Superior
Court of Santa Clara. Case No. 118112;No. 118035. One count of
1st  Dgr Buglary,One count of2nd Dgr Burglary. The petitioner plea
bargained on both counts. The frist Degree Burglary was plead out to
the low term of 2 years. The second Degree Burglary was plead out to
the mid term which Judge L. Terry  decided to also include another
two year term which he ran concurrent of a total term of 2 years.

The petitioner was remanded to the custody of the sheriff to
be delivered to the California Medical Facility Vacaville.

Within the Abstract of Judgment the judge had within his power
to impose any number of P.C. 1170(d),1170.1(a)[five--year limit] and
or 1170.1(f) [double base limit]; Also available to sentencing judge
was any number of additional P.C. 667.5(a),667.5(b),667.6(b),667.6(a)
prior prison terms,each carrying 5 years.

This plea bargain with the petitioner and the partys all agree-
ing to be sentenced as the contract under the plea nogotiations

Ground 5 : Continued:

out lined along with the sentencing abstract and the Hand signed waiver of Constitutional Rights for a plea of guilty.

The waiver of Constitutional Rights is a contract to plea guilty to a lesser charge.

The sentencing absract of judgment is a court record that was transcribed to make the plea bargain agreement binding so defedants can not later change there minds and say that they did not know the true nature of the plea.

The abstract of Judgment-for-commitment to state prison is also a binding contract so the state prison knows the term of sentence and what additional enhancements to incur for the prisoners total time to be spent in prison.

Petitioner also reflects to Exhibit "C", which is another abstract of judgment-commitment to state prison. Caes N. 130231.

This abstract of judgment is identical to Exhibit "B". Stating that all of the same priors and enhancements are available to the sentencing Judge EDGAR P. TAYLOR.  Judge TAYLOR saw that petitioner was in front of his court for the same charges as before. On count P.C. 459-460.1 burglary 1st degree. Judge TAYLOR also excepted a plea nogotiation under the same county as before. With the same P.C.667. and 1170. enhancements which all carried five years to be imposed as the sentencing judge say fit.

This plea agreement also was accompanied by the sentencing abstract of judgment, contract of plea agreement signing.


PETITION FOR WRIT OF HEBEAS CORPUS

(12)

Ground 5: Continued:

The fact is that these two exhibits are both plea agreements and are both 19 months apart. out of the same County of Santa Clara.

The plea agreements are both agreed to by the County prosecutor and sentenced by a Santa Clara County Judge. Both judges asking petitioner to give up his Constitutional Right to a jury trial and other pre-trial waivers, of a Constitutional level.

The petitioner did not plead out to a knowing contract that carried enhancements of 5-years and priors of 5-years.

The sentencing Judge in petitioners present commitment to state prison has broken the contract with the petitioner by sentencing the petitioner under a different standand of enhacements under the three"Strike" law.

EXHIBIT "F" is the sentencing abstract of petitioners present commitment. The sentencing Judge says that he has read and considered the moving papers and responsive papers. which are within as exhibits marked as "D",E",

The reason these exhibits are important "D" and "E",is that the mentioned priors within them are one and the same that the sentencing judge used to consider to strike the petitioner out under the prior prison felonys.

The sentencing judge was able to increase the petitoners term of prison to 25-life sentence and add an additional ten year enchacement. On top of the life sentence.

Petitioner claims that the sentencing judge was only able to

PETITION FOR WRIT OF HABEAS CORPUS

(13)

Ground 5: Continued:

increase the sentence because the sentencing court was allowed to use the petitioners plea agreements by changing the law that is Unconstitutional. A law that violates the petitioners right to Due Process by not allowing him to withdraw his original plea once the sentencing court decided to use the prior plea agreements to increase petitioners sentence to a level of cruel and unusual punishment.

A sentence that is excessive can not be enlarged by the changeing of a law that was not a law when the petitoner agreed to waive his Constitutional Right to object to penalties in the future.

Increased penalties that are harsher then the ones agreed to when the petitioner signed the waiver.

The Ex Post Facto law was in place when the petitioner signed the plea waiver and the law should protect the petitioner from a harsher punishment that was not being applied at the time of his signing of the waiver when the petitioner was being sentenced in the earlier prosecutions.

Due Process requires that the petitioner be allowed to withdraw his earlier plea agreements and be sentenced by the same Judge that imposed the original sentence.

This Court knows that the petitioner would not be able to be resentenced by the same Judge. So There is no real way that the petitoner could be treated fairly.

END OF GROUND 5:

PETITON FOR WRIT OF HABEAS CORPUS

(14)

## Ground 5 Contined:

b. Supporting  cses, rules or other autority:

Santobello v. New York,404U.S.257,261-62(1971);Brown v. Poole,337
F.3d 1155 (9th Cir. 2003);Ricketts v. Adamson,483U.S.1,6n.3(1987);
Cal.Civ. Code§1635,1655,1643,1646,1649,1656; Penal Code§667.5(a)-(c)
Enhancement of Punishment for Habitual Criminals;§2254(d)(1);
Penal Code §1170.12(c)(2)

If any of these grounds was not previously presented to any
other court, state briefly which grounds were not presented and
why:

Grounds 4 and 5 were not brought up in any other court. The reason
for this is on appeal the appeal attorney only saw fit to argue
grounds 1,2,3 as the record shows, attached is the petition for
review to the California Supreme Court.

The new grounds 4 and 5 are brought later because they are of  a
Constitutional Level. I also have been prejudiced and am suffering
a harsh punishment.

I have also just recieved the Appellate record from my appeal
attorney so I can argue the grounds with the appropriate exhibits
to try to make my grounds understandable.

## PETITION FOR WRIT OF HABEAS CORPUS

(15)

8. Did you appeal from the conviction, sentence, or commitment?    ☒ Yes.    ☐ No.    If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
   _Sixth Appellate District court of appeal_

   b. Result: _judgment affirmed_                               c. Date of decision: _May 5,2006_

   d. Case number or citation of opinion, if known: _H029259;Super.Ct.NoCC464216_

   e. Issues raised: (1) _deprived of due process (IAC)_

      (2) _deprived of due process CALJIC NO.2.02 instead of 2.01_

      (3) _reducerestitution  from  10.000. to 7,000_

   f. Were you represented by counsel on appeal?  ☒ Yes.  ☐ No.  If yes, state the attorney's name and address, if known:
   DALLAS SACHER ,100 N.winchester,suite 310,Santa Clara,Ca.95050

9. Did you seek review in the California Supreme Court? ☒ Yes.  ☐ No.    If yes, give the following information:

   a. Result: _Denied_                                        b. Date of decision: _July 12.2006_

   c. Case number or citation of opinion, if known: _No.H029259;S143802_

   d. Issues raised:  (1) _DEPRIVED OF DUE PROCESS (IAC)_

      (2) _DEPRIVED OF DUE PROCESS CALJIC NO.2.02 INSTEAD OF 2.01_

      (3) _REDUCERESTITUTION FROM 10,000. TO 7.000._

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    _Grounds 4 and 5 were not  brought up in any court._

    _I just recieved my appeal record so I could bring up gorunds 4 and 5._

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
    N/A

    b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
    *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

13. a. (1) Name of court: N/A _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

    b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

    c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
    N/A _____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
    I just recieved the appellate record from my appeal attorney so I can argue the new grounds with the appropriate exhibits.

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known: _____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain: _____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
    Grounds 1,2,and 3 have already been heard in this court. I need to exhaust grounds 4 and 5 in this court toseek the next higher court.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 10/25/06                          ▶ _____
                                              (SIGNATURE OF PETITIONER)